Matter of Vornado 330 W. 34th St., L.L.C. v 330 W. 34th SPE LLC (2023 NY Slip Op 01879)

Matter of Vornado 330 W. 34th St., L.L.C. v 330 W. 34th SPE LLC

2023 NY Slip Op 01879

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 651172/22, 651170/22 Appeal No. 8-9 Case No. 2022-03741, 2022-03740 

[*1]In the Matter of Vornado 330 West 34th Street, L.L.C., Petitioner-Appellant,
v
330 West 34th SPE LLC, Respondent-Respondent.
In the Matter of 330 West 34th SPE LLC, Petitioner-Respondent,
v
Vornado 330 West 34th Street L.L.C., Respondent-Appellant.

King & Spalding LLP, New York (Randy M. Mastro of counsel), for appellant.
Schulte Roth & Zabel LLP, New York (Robert J. Ward of counsel), for respondent.

Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 28, 2022, which, to the extent appealed from as limited by the briefs, granted 330 West 34th SPE LLC's (landlord) petition to confirm the arbitration award dated January 18, 2022, and denied Vornado 330 West 34th Street L.L.C.'s (tenant) petition to vacate the award and refer the matter to a different neutral arbitrator, unanimously affirmed, with costs.
The neutral arbitrator in this proceeding was simultaneously serving as a party arbitrator in an unrelated landlord-tenant arbitration proceeding, wherein the landlord's expert in this proceeding was the neutral arbitrator in the other arbitration proceeding. Moreover, tenant's counsel in this proceeding was retained as landlord's counsel in the other proceeding. Although the tenant in this proceeding was allegedly unaware of the aforementioned potential conflicts of the neutral arbitrator in this proceeding until after the arbitration award was issued, tenant's counsel in this proceeding possessed that knowledge pre-award.
The court correctly confirmed the arbitration award. Tenant's counsel knew of the arbitrator's dealings in the unrelated landlord-tenant arbitration proceeding, and, as tenant's agent (see e.g. Wilmington Trust v MC-Five Mile Commercial Mtge. Fin. LLC, 171 AD3d 591, 591 [1st Dept 2019]; Banditree, Inc. v Calpo, Inc., 146 AD2d 74, 76 [1st Dept 1989]), counsel's knowledge of the arbitrator's apparent conflict can be imputed to tenant (see Savik, Murray & Aurora Constr. Mgt. Co., LLC v ITT Hartford Ins. Group, 86 AD3d 490, 494 [1st Dept 2011], appeal dismissed 17 NY3d 901 [2011], citing Kirschner v KPMG LLP, 15 NY3d 446, 465 [2010]; see also Title Guar. & Trust Co. v Pam, 192 AD 268, 344-345 [1st Dept 1920], affd 232 NY 441 [1922]). The information that tenant's counsel had regarding the arbitrator's apparent conflicts was within the scope of counsel's agency to impart to tenant, and counsel could have advised tenant as to the same. Based on the foregoing, tenant waived its right to challenge the award on
the grounds of arbitrator bias (see Matter of J. P. Stevens & Co. [Rytex Corp.], 34 NY2d 123, 129 [1974]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023